UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| CATHERINE JONES | ) |
| | ) |
| v. | ) NO. 2:04-CV-349 |
| | ) |
| HIGHMARK LIFE AND CASUALTY GROUP | ) |

## MEMORANDUM OPINION

This is an action for long-term disability retirement benefits under the Employee Retirement Income Security Act of 1974 [ERISA], 29 U.S.C. § 1001 *et seq.*, brought by Catherine Jones, a former employee of Mountain States Health Alliance [Mountain State], against her employer's group plan administrator, Highmark Life and Casualty Group [Highmark]. The action is now before this court on cross-motions for a judgment on the basis of the Administrative Record [AR].

The court notes at the outset that the policy language gives discretionary authority to Highmark to determine eligibility for benefits and to interpret the terms and provisions of the policy. [AR 42, 54, Supp. AR 423]. Accordingly, the facts of this case will be reviewed on an abuse of discretion standard. In order to prevail under this standard, Ms. Jones must prove not only that the company's benefit determination was incorrect but that its decision was arbitrary and capricious.

Under Highmark's long-term disability policy, a claimant is totally disabled from her occupation when it is determined that she is presently unable, because of "sickness, accidental bodily injury, or pregnancy, to perform the substantial and material duties" of her own job, "with or without reasonable accommodation by an employer," and she is not working at all. [AR 47]. This total disability must last for the first 30 months of one continuous period of disability. [*Id.*]. After that period of time expires, however, a claimant must show that she is disabled from *all* jobs to be entitled to continued long-term disability benefits. [*Id.*].

Ms. Jones last worked with Mountain State in April 2000. [AR 350]. On April 11, 2000, she was placed on disability because of effects from her multiple sclerosis.[1] [AR 331]. Ms. Jones was approved for long-term disability on April 3, 2001, with benefits beginning retroactively from October 8, 2000. [AR 282, 296]. Ms. Jones continued to receive long-term disability until June 27, 2003, when her coverage was denied. [AR 160-63]. Ms. Jones appealed Highmark's decision in December 2003, and the denial was reaffirmed in March 2004. [AR 145-47]. Highmark indicated that following another complete review of Ms. Jones' file that none of the medical evidence supported a disability claim. [*Id.*]. In June 2004, Ms.

---

[1] Ms. Jones' first 30 months of disability, thus, ran from April 11, 2000, to October 11, 2002.

Jones appealed Highmark's decision again. [AR 80-82]. In July 2004, her denial was again affirmed. [AR 61-62]. Highmark told Ms. Jones at that time that the medical and vocational evidence available immediately after her first 30 months of disability expired indicated that she could return to work at that time. [AR 60-62]. As a result, she could not continue to receive benefits because she was not disabled from all employment as required after 30 months of disability. [*Id.*].

For the following reasons, this court agrees with the decision of Highmark that Ms. Jones did not qualify for benefits under the long-term disability policy. Specifically, the court agrees with Highmark's assessment that Ms. Jones failed to prove that she was disabled from all jobs after her first 30 months of disability benefits ended. Ms. Jones needed to demonstrate that around October 2002, when her first disability benefits payments ended, she was unable to perform any job. The medical evidence, however, did not support that contention.

Ms. Jones' family physician never restricted her from working during the relevant time period. [AR 210-20]. Her treating neurologist also failed to indicate Ms. Jones was unable to work or had any sort of work restrictions. [AR 65-73]. More importantly, as of January 2003, Ms. Jones' multiple sclerosis was considered to be in remission. [AR 66].

A February 2003 independent medical evaluation indicated Ms. Jones did not

3

have specific restrictions which would affect her ability to work. [AR 194-96]. The evaluator noted Ms. Jones "very probably" could return to her usual occupation and "certainly any less physically demanding occupation" would be better tolerated. [AR 195]. Similarly, a functional capacity evaluation provided to Highmark from March 2003 indicated that Ms. Jones was capable at that time of performing a medium physically demanding job. [AR 186-88].

After careful consideration of the entire record of proceedings related to this case, this Court finds that Highmark's decision that Ms. Jones did not qualify for long-term disability benefits was not arbitrary and capricious. Accordingly, Ms. Jones's motion for summary judgment will be denied, the defendant's motion for summary judgment will be granted, and this action will be dismissed.

An appropriate order will follow.

ENTER:

_____
THOMAS GRAY HULL
SENIOR UNITED STATES DISTRICT JUDGE